HEAVY CONSTRUCTORS ASSOCIATION OF THE GREATER KANSAS CITY AREA and Teamsters Local Union 541, Appellants,

v.

DIVISION OF LABOR STANDARDS, Department of Labor and Industrial Relations, Respondents,

Pipefitters Local Union No. 553 and Plumbers Local Union No. 8, Intervenor Respondents,

Missouri State Building and Construction Trades Council and Missouri State Labor Council, Amicus Curiae.

Nos. WD 55776, WD 55777.

Missouri Court of Appeals, Western District.

May 18, 1999.

Aaron Johnson, Kansas City, for appellant Heavy Constructors Association.

Michael Newbold, Kansas City, for Appellant Teamsters Local Union 541.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael Pritchett, David Meyer, Asst. Attys. Gen., Jefferson City, for Respondent Div. of Labor Standards.

Ronald Gladney, St. Louis, for Intervenor–Respondents and amicus curiae.

HANNA, Judge.

This appeal arises out of a declaratory judgment entered by the Circuit Court of Jackson County, upholding the validity of 8 C.S.R. 30–3.060(6), an amended administrative rule promulgated by the Missouri Department of Labor and Industrial Relations in 1997. The 1997 amendment allows interested parties to object to an "occupational work titles description" on a state-wide basis, rather than a locality-by-locality basis. The plaintiffs' primary challenge is that the amended regulation is in conflict with the Missouri Prevailing Wage Act requirement that prevailing hourly wage rates be determined on a locality basis.[1] The amendment permitting challenges only on a state-wide basis is the subject of this lawsuit. The plaintiffs argue that the amendment, having eliminat-

---

1. The plaintiffs in this case are Heavy Constructors Association, the Builders' Association Local Union No. 541 of the Teamsters Union, the Western Missouri and Kansas Laborers District Council, and Beemer Construction Company. Missouri State Building and Construction Trades Council and the Missouri State Labor Council filed an amicus brief. Pipefitters Local Union No. 553 and Plumbers Local No. 8 intervened on January 23, 1993.

ed a party's right to challenge an occupational title on a county-by-county basis, is inconsistent with the Prevailing Wage Law that mandates that prevailing wages be determined for each county.

The Missouri Prevailing Wage Act provides that workers employed on public construction projects must be paid "a wage of no less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed." Pursuant to §§ 290.260 and 290.262, of the Act, the Department of Labor and Industrial Relations is to annually determine the prevailing hourly rate of wages for each occupational title in every locality.[2] The department determines prevailing wage rates by examining information submitted by contractors, workers, or other interested parties that indicates the actual wages paid in that locality for each occupational title. The wage rate that has the highest number of hours worked within the county for a particular occupational title is found to be the prevailing wage rate in that county for that occupational title. If there is no evidence of wage rates paid in a county for an occupational title, then applicable collective bargaining agreements are used to establish that rate.

On October 19, 1992, the Department of Labor and Industrial Relations promulgated 8 C.S.R. 30–3.060, *Occupational Titles of Work Descriptions,* in an effort to define the various classifications of workers involved in public construction projects.[3] The regulation is intended to provide the department with a framework to use in determining the prevailing wage rates. In 1997, the department amended 8 C.S.R. 30–3.060(6) in accordance with their statutory rulemaking authority. *See* § 290.240.2. Before the amended regulation, interested parties could move to mod-

ify the occupational work titles, as well as the local prevailing wage rate, on a locality-by-locality basis. The 1997 amendment, however, permits interested parties to challenge work descriptions only on a state-wide basis.

■ The department's purpose in amending the regulation was to provide uniform work descriptions across the state. These uniform work descriptions are meant to benefit: (1) the department's enforcement of the Act; (2) contractors that bid on projects in multiple counties; (3) workers who do construction work in more than one county; and (4) public bodies located in more than one county. The uniform work descriptions are also intended to provide individuals with certainty that a work description in one county will be the same in another county so that they can easily determine the required prevailing wage in a particular county for a certain type of work.

On March 3, 1997, notice of the amendment to 8 C.S.R. 30–3.060(6) was published in the Missouri Register pursuant to the Administrative Procedure Act, § 536.010. The department received 12 written responses in support of the proposed amendment indicating, generally, that the amendment will provide uniformity and consistency in the definitions. Six comments in opposition expressed their desire to maintain the ability to object to the definitions by locality.

On September 17, 1997, plaintiffs filed a petition for declaratory judgment and injunctive relief with the circuit court. At the hearing on February 26, 1998, Robert Gillihan, President of Teamsters Local 541, and Lloyd Kissick, President of Kissick Construction Company, testified on behalf of the plaintiffs. They testified that, generally, local work practices varied among

---

2. All statutory references are to Missouri Revised Statutes 1994, unless otherwise noted.

3. 8 C.S.R. 30–3.060 contains 26 occupational titles of work. It also sets forth procedures for adding, deleting or modifying those occu-

pational titles, the procedure for submitting wage information to be used by the department in determining the prevailing wage rate for each occupational title, and the procedure for objecting to a wage determination.

the different counties. Neither witness disputed that the actual work tasks described in the occupational titles were the same regardless of where the work was performed. Colleen Baker, the department director, and Alton Amos, a prevailing wage investigator, testified regarding the department enforcement difficulties, confusion to public bodies, and other administrative burdens that occurred prior to the amendment. On March 25, 1998, the circuit court concluded that the amendment to 8 C.S.R. 30–3.060(6) that permits challenges to work descriptions only on a state-wide basis is reasonable and consistent with the Prevailing Wage Law.

8 C.S.R. 30–3.060(6) is a rule promulgated by a state administrative agency, therefore, the appropriate vehicle by which to obtain a judicial determination of its validity is a suit for declaratory judgment. Rule 87.02(c); § 536.050.1; *Bresler v. Tietjen,* 424 S.W.2d 65, 70 (Mo. banc 1968). In an action for declaratory judgment tried before a court without a jury, the judgment entered by the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declared or applied the law. *Press–Journal Publishing Co. v. St. Peters Courier–Post,* 607 S.W.2d 453, 455 (Mo.App.1980). Additionally, administrative rules and regulations issued under authority of an act should not be judicially invalidated, except for weighty reasons, and are to be sustained unless unreasonable and plainly inconsistent with the act. *Foremost–McKesson, Inc. v. Davis,* 488 S.W.2d 193, 197 (Mo. banc 1972). The burden is upon those challenging such rules to show that they bear no reasonable relationship to the legislative objective. *Associated Gen. Contractors v. Dept. of Labor,* 898 S.W.2d 587, 590 (Mo.App.1995). The interpretation and construction of a statute by an agency charged with its administration is entitled to great weight. *Foremost–McKesson, Inc. v. Davis,* 488 S.W.2d at 197.

The plaintiffs complain that the amendment to 8 C.S.R. 30–3.060(6) is unreasonable and in conflict with the Missouri Prevailing Wage Act. They contend that because the amended regulation eliminates the ability of a party to object to an "occupational work title description" on a locality-by-locality basis, it is contrary to the Prevailing Wage Law.

An occupational title is a collection of 26 specific work tasks, such as carpenter, laborer, and teamster. The department assigns every work task necessary to complete a public project to a certain occupational title. Many work tasks are performed by different categories of workers. An example given by the plaintiffs is that in some counties laborers install certain types of pipes, whereas pipefitters will perform that work in other counties. The department decides, on a state-wide basis, which occupational title to assign the work task of installing pipe. It is possible that the prevailing wage, as determined by the department, could be different from the actual wages paid in a particular county for a specific work task, if the amended rule is followed.

In *Associated Gen. Contractors v. Dept. of Labor,* AGC challenged the 1993 version of 8 C.S.R. 30–3.060 requiring that occupational work title descriptions be listed. 898 S.W.2d at 590. AGC argued that the regulation was inconsistent with the spirit and letter of the Missouri Prevailing Wage Act because certain occupational titles contained within the regulation did not reflect the prevailing local work practices. *Id.* Rejecting this argument, this court held that 8 C.S.R. 30–3.060 allowed "the Department to improve its enforcement of the Act by reducing or totally eliminating disputes about how work is classified," and, as such, was a proper exercise of administrative authority. *Id.* at 590–91. The court noted that § 290.240.2 authorizes the department to establish rules and regulations for the purpose of carrying out the provisions of Missouri's Prevailing Wage Act. *Id.* at 591.

Relying upon *Associated Gen. Contractors,* the plaintiffs contend that the amended regulation is inconsistent with the Missouri Prevailing Wage Act because it will result in inaccurate prevailing wages in counties where the actual work practices conflict with state-wide practices. The plaintiffs reason that the department cannot determine the prevailing wage existing in a particular locality, unless it understands local working conditions and practices. In making this argument, the plaintiffs refer us to the following statement made by the court in *Associated Gen. Contractors*:

> Moreover, 8 C.S.R. 30–3.060(6) allows any interested party to object to a prevailing wage determination on the grounds that an occupational title does not reflect the work done within a locality.

*Id.*

This court's holding in *Associated Gen. Contractors* does not, as plaintiffs suggest, warrant the inference that the amended regulation is inconsistent with the Missouri Prevailing Wage Act because the amended regulation does not permit local challenges to work descriptions. To the contrary, the court's holding compels the conclusion that there is no conflict between the amended regulation and the Act. The particular tasks reflected in the different occupational work title descriptions are the same no matter where they are performed.

The existence of uniform occupational titles will not negatively affect the prevailing wage rates nor result in setting the prevailing wage rate on a state-wide basis. The amendment does not change the fact that the wage rates are still locality-based. Under the Prevailing Wage Act, workers are paid according to the type of work that they are providing and the particular occupational title within which that work falls. The prevailing wage rate for a particular occupational title is established, based upon the wages paid in the past to workers who performed the same type of work. The amended regulation does not change this procedure. It simply standardizes the descriptions of the types of work typically performed on public works projects throughout the state. Whoever performs a task falling within the definition of a given occupational title will still be paid the locality wide prevailing wage for that work.

Because the amended regulation is reasonable and consistent with Missouri's Prevailing Wage Act, the judgment is affirmed.[4]

SMART, P.J., and LAURA DENVIR STITH, J., concur.

---

4. The intervenors and the amicus curiae support the 1997 amendment in that "it allows the Department to improve its enforcement of the Act by reducing or totally eliminating disputes about how work is classified." They complain that prior to its amendment, the regulation resulted in confusion to contractors, workers and public bodies. Moreover, the intervenors and the amicus curiae contend that the locality-by-locality procedures are violative of the Administrative Procedure Act, § 536.010, *et. seq.* RSMo 1994. Because our holding is dispositive of this issue, we need not address the intervenors and the amicus curiae arguments.